## DISCIPLINARY DOCKET

**92–419.** Disciplinary Counsel v. McMahon. By order of this court dated September 2, 1992, Thomas Paul McMahon, Attorney Registration No. 0023244, was publicly reprimanded pursuant to Gov.Bar R. V(6)(B)(5). Pursuant to this court's order, the respondent, Thomas Paul McMahon, was required to pay board costs in the amount of $940.57, on or before October 2, 1992. On October 2, 1992, respondent requested a sixty-day extension in which to pay board costs. On October 28, 1992,

this court granted respondent until December 28, 1992, to pay board costs in full, including any and all accrued interest. Upon his failure to pay board costs on December 28, 1992, this court on February 2, 1993, ordered respondent to show cause why he should not be found in contempt and why he should not be immediately suspended from the practice of law until such time as he did fully comply with the court's orders. On March 17, 1993, respondent was found in contempt for failing to pay board costs and was granted until March 29, 1993, to purge himself of contempt by paying board costs in full, including any and all accrued interest. It was further ordered that if respondent failed to purge himself of contempt he would be suspended from the practice of law until he paid his costs in full. Respondent did not pay board costs by March 29, 1993.

On April 27, 1993, this court suspended respondent from the practice of law until he purged himself of contempt and paid board costs in full, including any and all accrued interest. In its April 27, 1993 order, the court also ordered respondent to surrender his certificate of admission and attorney registration card; to file an affidavit showing compliance with its order; and to comply with Gov.Bar R. X(3)(F). The court further ordered that respondent would not be reinstated to the practice of law in Ohio until (1) respondent paid board costs in full, including any and all accrued interest; (2) respondent complied with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; and (3) the Supreme Court ordered him reinstated.

On November 29, 1993, this court found respondent in contempt for failure to comply with its April 27, 1993 order, to wit: failure to surrender his certificate of admission and attorney registration card, failure to file an affidavit of compliance, and failure to pay board costs.

On March 15, 1994, respondent filed a Motion for Reinstatement and for Extension of Time to Pay Costs. On June 29, 1994, respondent paid board costs in full, including accrued interest. On August 17, 1994, respondent surrendered his certificate of admission and attorney registration card and filed an affidavit. Upon consideration thereof,

IT IS ORDERED by the court, effective October 12, 1995, that respondent's Motion for Reinstatement will not be considered by the court until (1) respondent files with the Clerk of this court a certificate from the Commission on Continuing Legal Education confirming that from April 27, 1993, to the date said certificate is filed, respondent has completed one credit hour of continuing legal education for each month, or portion of a month, of the suspension, and that as part of the total credit hours of continuing legal education required pursuant to Gov.Bar R. X(3)(F), respondent has completed one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension; (2) respondent files an affidavit executed by respondent with the Clerk of this court and with Disciplinary Counsel showing full compliance with the April 27, 1993 order of suspension, showing proof of service of notices required in the April 27, 1993 order of suspension; (3) respondent files an affidavit executed by respondent indicating whether any formal disciplinary proceedings are pending against respondent and whether respondent has complied with the continuing legal education requirements of Gov.Bar R. X(3)(F); (4) the Board of Commissioners on Grievances and Discipline files written documentation with the Clerk of this court confirming that no formal disciplinary proceedings are pending against respondent; and (5) the Clients' Security Fund files written documentation with the Clerk of this court confirming that it has made no award against respondent that has not been reimbursed to the fund.

IT IS FURTHER ORDERED that respondent shall keep the Clerk advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address

respondent has given to the Attorney Registration Office.

For earlier case, see *Disciplinary Counsel v. McMahon* (1992), 64 Ohio St.3d 460, 597 N.E.2d 85.